**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| YAODI HU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 839 |
| | ) | |
| CITY OF CHICAGO, | ) | Wayne R. Andersen |
| | ) | District Judge |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff Yaodi Hu's motion for preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. For the following reasons, that motion is denied.

## BACKGROUND

Defendant City of Chicago (the "City") towed and impounded two of plaintiff Yaodi Hu's ("Hu") three motor vehicles, the first on February 4, 2007 and the second on January 23, 2008. Hu's vehicles remain impounded and storage fees continue to accrue for each day that the two vehicles remain at the pound. The City asserts that, in order to redeem his vehicles, Hu must pay all fines that have reached final determination as well as all related penalties and fees.

Instead of paying the debts allegedly owed to the City, Hu filed this action on February 8, 2008 challenging the City's administrative procedures for traffic citations and for booting and towing motor vehicles. Hu's four-count complaint alleges the following claims against the City: (1) a violation of Hu's substantive due process rights because Hu alleges that the towing of Hu's vehicles impinged upon Hu's right to interstate travel; (2) a violation of 42 U.S.C. § 1981

because Hu alleges that the City targeted minorities in enforcing the City's parking ordinances; (3) a violation of Hu's procedural due process rights because Hu alleges that there is no adequate appeal system under which to challenge parking and traffic citations issued by the City; and (4) a violation of the Equal Protection Clause because Hu alleges that the City's booting ordinance differs from the procedures established by the City for handling building code violations. Hu now moves for a preliminary injunction and asks this court to order the City to immediately release Hu's vehicles.

## **DISCUSSION**

To prevail on a motion for preliminary injunction, the moving party must demonstrate (1) a reasonable likelihood of success on the merits; (2) that no adequate remedy at law exists; (3) that the moving party is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted; and (4) that an injunction will not harm the public interest. *Joelner v. Village of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004). "If the movant can meet this threshold burden, then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another." *Id.*

We find that Hu has an adequate remedy at law and that he is therefore unable to show irreparable harm. "The only harm that is relevant to the decision to grant a preliminary injunction is irreparable harm, since if it is reparable by an award of damages at the end of trial there is no need for preliminary relief." *In re Aimster Copyright Litigation*, 334 F.3d 643, 655 (7th Cir. 2003). "To establish irreparable harm, a movant must show that an award of money damages will not be adequate. The question is whether the movant will be made whole if the movant prevails on the merits and is awarded money damages." *Health O Meter, Inc. v.*

2

*Terraillon Corp.*, 873 F. Supp. 1160, 1175 (N.D. Ill. 1995).  Here, the only harm that Hu alleges in his motion for preliminary injunction is the "difficulty in transportation" caused by the impoundment of two of his three motor vehicles.  However, nothing prevents Hu from redeeming his vehicles immediately by simply paying the fines and penalties that he owes to the City and then pursuing his claims in this case against the City for money damages, including any monies paid.  Should he prevail in this case, money damages would be a complete remedy for the harm allegedly caused to him.

Further, even if Hu chooses to leave his two vehicles in the City's custody, he remains free to travel in his third vehicle or by bus, train, taxi, or rented vehicle.  "[I]n Chicago the owner of a booted car can rent another one or resort to taxis or public transportation." *Saukstelis v. City of Chicago*, 932 F.2d 1171, 1173 (7th Cir. 1991).  Any expenses incurred by Hu in securing alternative transportation could again be remedied by money damages if Hu prevails in this suit. The City has also represented to the court that it will not dispose of Hu's vehicles while this suit is pending.  Relying on that representation, we find that Hu has an adequate remedy at law and cannot show irreparable harm.  Accordingly, we deny Hu's motion for preliminary injunction.

## CONCLUSION

For the foregoing reasons, plaintiff Yaodi Hu's motion for preliminary injunction [6] is denied.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated:  April 16, 2008