# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YAODI HU, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 08 C 839 |
|     v. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| | ) Wayne R. Andersen |
|     Defendant. | ) District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendant City of Chicago ("the City") to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the defendant's motion is granted.

## BACKGROUND

Plaintiff Yaodi Hu filed a four count complaint against defendant City of Chicago on February 8, 2008. Hu's complaint alleges that the City of Chicago towed three of his vehicles; one was allegedly towed in February 2007, another in January 2008, and the third was allegedly towed "several years ago." Further, Hu's complaint also alleges that several parking tickets were issued to him by the City of Chicago, and that over the years he has paid several parking tickets without knowing the reasons why they were issued. The allegations in Hu's complaint state four counts against the city. First, Count I alleges that the City violated substantive due process when it towed his vehicles because it interfered with his fundamental right to travel. Second, Count II alleges that the City violated 42 U.S.C. § 1981 because it "targeted minorities in enforcing its parking ordinances." Third, Count III of the complaint alleges that the City's administrative

review process violates procedural due process. Finally, Count IV claims that the City has violated the Equal Protection Clause of the Fourteenth Amendment by treating building code violations differently than parking violations.

## STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pled allegations in the complaint as true, and draw all reasonable inferences in a light favorable to the plaintiff. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). A complaint must describe the claim with sufficient detail as to give the defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) *(quoting Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, the "allegations must plausibly suggest that the defendant has a right to relief raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) *(citing Twombly,* 127 S.Ct. at 1965).

## DISCUSSION

### I.  Count I: Substantive Due Process

Hu's first claim alleges that when the City towed his vehicles it violated substantive due process and interfered with his fundamental right to travel. As an initial matter, the Seventh Circuit has repeatedly rejected substantive due process claims involving the towing, impounding, and immobilizing of vehicles, and has held that such actions involve a property interest, and not a fundamental right. *See Lee v. City of Chicago*, 330 F.3d 456 (7th Cir. 2003); *Gable v. City of Chicago*, 296 F.3d 531 (7th Cir. 2002) ; *Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994); *Saukstelis v. City of Chicago*, 932 F.2d 1171, 1172-74 (7th Cir. 1991). Furthermore, the Seventh Circuit has held that "substantive due process is not 'a blanket protection against unjustifiable

interferences with property.'" *Lee*, 330 F.3d at 467 (quoting *Schroeder v. City of Chicago*, 927 F.2d 957, 961 (7th Cir. 1991)). Rather, substantive due process "is instead a modest limitation that prohibits government action only when it is random and irrational." *Gen. Auto Serv. Station v. City of Chicago*, 526 F.3d 991, 1000 (7th Cir. 2008). "Unless a governmental practice encroaches on a fundamental right, substantive due process only requires that the practice be rationally related to a legitimate governmental interest, or alternatively phrased, that the practice be neither arbitrary nor irrational." *Lee*, 330 F.3d 467 (citing *Washington v. Gklucksberg*, 521 U.S. 702, 729 (1997)). Therefore, because Hu's substantive due process claim "does not implicate a fundamental right and involves only the deprivation of a property interest, he must show as an initial matter that either the state law remedies are inadequate or that an independent constitutional right has been violated." *Lee*, 330 F.3d at 456.

Hu fails to demonstrate either that the state law remedies are inadequate or that an independent constitutional right has been violated. First, as addressed in more detail in Section III *infra*, Hu fails to make a showing that the state court administrative review process is inadequate. Second, Hu fails to show that an independent constitutional right has been violated. Although Hu alleges that his right to travel has been violated, Hu fails to state a claim for such a violation. The right to travel involves: "(1) the right of a citizen of one state to enter and leave another state; (2) the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in another state; and (3) for those travelers who elect to become permanent residents, the right to be treated like other citizens of that state." *Chavez v. Ill. St. Police*, 251 F.3d 612, 648 (7th Cir. 2001) (citing *Saenz v. Roe*, 526 U.S. 489, 500 (1999)). Hu makes no allegation that the City's towing policies are imposing any discriminatory restrictions based on residency, and therefore makes no showing of a violation of his right to travel. Furthermore, Hu

also attempts an equal protection challenge, but, as discussed Section IV *infra*, he also fails to state an equal protection claim. Therefore, because Hu fails to state a claim for a violation of the fundamental right to travel or the Equal Protection Clause, he fails to show that an independent constitutional right has been violated.

Moreover, as explained in the City's motion to dismiss, immobilizing and towing vehicles owned by people who refuse to pay their traffic code violation citations is a rational means of enforcing and encouraging compliance with the City's traffic code. Hu has made no showing that the traffic citation procedures are either arbitrary or irrational. Accordingly, because Hu has not made the requisite showing of a substantive due process violation, we grant the City's motion to dismiss Count I.

## II. Count II: 42 U.S.C. § 1981 Claim

Count II of Hu's complaint alleges that he is "ethnic minority Chinese" and that the City violated 42 U.S.C. § 1981 in enforcing its parking ordinances by targeting ethnic minority Chinese when issuing parking tickets. However, Hu has failed to state a claim for a Section 1981 violation. The United States Supreme Court has consistently held that the primary purpose of Section 1981 is "to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race." *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 373 (1976). Hu has not alleged any racial discrimination in the making and enforcement of contracts, so his claim falls outside the primary reach and purpose of Section 1981.

Furthermore, Hu fails to state a claim for a Section 1981 violation of *any* kind. "[W]hile it is true that a complaint brought under a federal civil rights statute should be liberally construed, vague and conclusory allegations of race discrimination may not form the basis of a complaint." *Jones v. City of Chicago*, 639 F.Supp. 146, 152 (N.D. Ill. 1986)(citing *Pearlswig v.*

*Randolph*, 497 F. Supp. 569 (D.C. Mass. 1980)).  Additionally, a "§ 1981 claim cannot survive on bare allegations of a denial of equal protection."  Hu's only assertion is that it was a pattern or practice of the City to target minorities in enforcing parking ordinances.  Therefore, he has not sufficiently alleged that he was deprived of the "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white persons" and not subjected "to like punishment, pains, penalties, taxes, licenses and exactions of every kind" 28 U.S.C. § 1981.  And, "a skeletal 'argument,' really nothing more than an assertion, does not preserve a claim."  *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).  Accordingly, we grant the City's motion to dismiss Count II because Hu has failed to state a claim for a Section 1981 violation.

### III.  Count III: Procedural Due Process

Hu's third claim alleges that the City's administrative hearings process violates procedural due process.  However, the Seventh Circuit has repeatedly held that the City's parking ticket administrative review procedure does not violate procedural due process.  *Van Harken v. City of Chicago*, 103 F.3d 1346 (7th Cir. 1997)*; Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994); *Saukstelis v. City of Chicago*, 932 F.2d 1171, 1172-74 (7th Cir. 1991).  In *Van Harken*, the Seventh Circuit specifically dealt with the administrative review process at issue here and found no constitutional violation.  Hu alleges no basis as to why we should not defer to well-established Seventh Circuit precedent.  Furthermore, the City's motion clearly lays out the administrative review process that is available to people who wish to challenge their parking violations.  This process includes the ability to challenge parking citations by mail and allowing a petitioner to move the date of a hearing for good cause.  Therefore, we find no procedural due process violation in the administrative review of traffic citations.  Accordingly,

the City's motion to dismiss is granted with respect to Count III.

## IV. Count IV: Equal Protection Clause of the Fourteenth Amendment

Hu's fourth and final claim alleges that the City has violated the Equal Protection Clause of the Fourteenth Amendment because its' ordinances treat building code violations differently than parking violations. However, Count IV fails to state a claim for an Equal Protection Clause violation. In this case there is no fundamental right at issue because, as discussed in Section I *supra*, the Seventh Circuit has held that the towing and impounding of a vehicle implicates a property interest, and not a fundamental right. Furthermore, the difference in treatment between the owners of vehicles and the owners of buildings does not implicate any suspect class. Therefore, because no fundamental right or suspect class are implicated, this claim is evaluated under a rational basis standard of review. *Smith v. City of Chicago*, 457 F.3d 643, 650 (7th Cir. 2006).

Under the rational basis standard of review, a plaintiff alleging an equal protection violation must prove: "1) the defendant intentionally treated him differently from others similarly situated, 2) the defendant intentionally treated him differently because of his membership in a class to which he belonged, and 3) the difference in treatment was not rationally related to a legitimate state interest." *Id.* at 650-51. Hu fails to allege any people to whom he is similarly situated and from whom he was treated differently. In this context, buildings and vehicles are completely different, and their owners cannot be held to be similarly situated. Furthermore, the difference in treatment between vehicles and buildings is rational. Not only does the Equal Protection Clause "allow[] states great latitude in regulating the economy," but buildings and vehicles have different purposes and uses, and is completely rational to regulate them differently. *Saukstelis*, 932 F.2d at 1173-74. Finally, the City's immobilization program is

authorized by state law, *see* 625 ILCS 5/11-208.3(c), and Hu has not challenged the constitutionality of this state law. Therefore, because Hu fails to state a claim for a violation of the Equal Protection Clause, defendant's motion to dismiss is granted with respect to Count IV.

## **CONCLUSION**

      For the foregoing reasons, defendant City of Chicago's motion to dismiss [18] is granted. This is a final and appealable order, and this case is hereby terminated.

It is so ordered.

                                                              Wayne R. Andersen
                                              United States District Court

Dated: November 26, 2008